IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LEONARD QUINN,

    Plaintiff,

        vs.           No.: 1:15-cv-01102-JDT-egb

WESTERN MENTAL HEALTH INSTITUTE,
*et al.*,

    Defendants.

---

## REPORT AND RECOMMENDATION

On May 4, 2015, Plaintiff Leonard Quinn, a *pro se* litigant who at the time was a patient at the Western Mental Health Institute[1], filed a 42 USC § 1983 complaint against the Western Mental Health Institute alleging *inter alia,* that his wallet was given away without his consent and five bags of his valuables were also given away to a person who claimed she was his sister. Plaintiff states that that the woman was not, in fact, his sister.

This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)      is frivolous or malicious;

---

[1] On February 8, 2016, the Plaintiff notified the Court of a change of address.

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 681, 129 S. Ct. at 1950; *see also* Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant

could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. *See* Neitzke [v. Williams], 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would ipso facto fail to state a claim upon which relief can be granted. See id. at 328-29, 109 S. Ct. 1827." Hill, 630 F.3d at 470.

Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827. Id. at 471.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also* Song v. Gipson, No. 09-5480, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

ANALYSIS

Plaintiff is no longer a patient at the Western Mental Health Institute. Additionally, Plaintiff does not state a claim upon which relief can be granted under 42 USC § 1983.

Plaintiff has sued the Western Mental Health Institute, which is actually a suit against the Tennessee Department of Mental Health & Substance Abuse Services. Thus, the Court construes the action as naming the State of Tennessee as one of the defendants. He also has sued Randy Doles and Lt. Dickerson, both in their official capacities at WMHI. All Defendants are employed by WMHI. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Any claims against Defendants Doles and Dickerson in their official capacity are asserted against the State of Tennessee.

Quinn filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

> redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Quinn cannot sue the State of Tennessee under § 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign

immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citation and footnote omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

For the reasons above, it is recommended that the complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction, pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted this, the 9th day of March, 2016.

                                         **s/Edward G. Bryant**
                                         UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.